**Jin Ping WANG, aka Kam Ping Wong, and Jianan Wang, Petitioners,**

**v.**

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 07–0177–AG.

United States Court of Appeals,
Second Circuit.

Nov. 13, 2007.

Charles Christophe, Christophe & Associates, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Benjamin J. Zeitlin, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Present CHESTER J. STRAUB,
REENA RAGGI and PETER W. HALL,
Circuit Judges.

## SUMMARY ORDER

Jin Ping Wang and Jianan Wang, both natives and citizens of the People's Republic of China, seek review of a January 9,

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

2007 order of the BIA denying their motion to reopen their removal proceedings. *In re Jin Ping Wang a.k.a. Kam Ping Wong, Jianan Wang*, Nos. A78 726 681, A78 726 682 (B.I.A. Jan. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying the Wangs' motion to reopen. Preliminarily, we note that in light of the failure of the Wangs' previous counsel to file an appellate brief, the BIA applied the doctrine of equitable tolling to excuse the untimeliness of the Wangs' motion. *See, e.g., Jin Bo Zhao v. INS*, 452 F.3d 154 (2d Cir.2006). However, after reviewing the arguments set forth in the Wangs' untimely brief, the BIA, acting within the bounds of its discretion, concluded that the Wangs had not established the requisite prejudice for an ineffective assistance of counsel claim. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir.2005).

██ Specifically, the BIA concluded that none of the arguments raised by the Wangs undermined the IJ's central finding that they had failed to meet their burden of proof. Despite Jin Ping Wang's claims that she had been forcibly sterilized, the record indicates that she had, in fact, given birth to a third child after allegedly undergoing the procedure. The BIA took note of testimony that tubal sterilizations fail or reverse themselves in one percent of cases; nevertheless, it found no error in the IJ's conclusion that this testimony was insufficient convincingly to establish that Jin Ping had indeed been subjected to forcible sterilization. This was not arbitrary or capricious. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005)(finding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Similarly, the BIA did not abuse its discretion in concluding that purported translation inadequacies at the hospital where Jin Ping Wang gave birth to her third child did not sufficiently explain record inconsistencies regarding the number and dates of the abortions she alleged. *See id.*

██ Nor did the BIA abuse its discretion in finding that the new evidence submitted by the Wangs, including a 1996 certificate stating that Jin Ping had been sterilized in 1990, was merely cumulative of evidence already contained in the record. *See* 8 C.F.R. § 1003.2(c)(1). Finally, the Wangs' argument that the BIA failed adequately to address the evidence they submitted of changed country conditions is meritless. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.